McCARTHY *v.* THORN *et al.*

*(Superior Court of New York City, General Term.* June 28, 1889.)

MASTER AND SERVANT—UNSAFE APPLIANCES.

There being evidence tending to show that defendants negligently furnished plaintiff with an unsafe appliance to work with, consisting of a narrow plank in an elevated position, extending from one building to another; that plaintiff was directed to walk across such plank in the discharge of his duties; and that in attempting to do so he fell, and was thereby injured without fault on his part,—the court properly refused to dismiss the complaint.

Appeal from jury term.

Action by Peter McCarthy against Thomas H. and Oscar Thorn, to recover damages for personal injuries received while plaintiff was in defendants' employ. The evidence on the part of plaintiff tended to show that he was not in the general service of defendants, but was employed from time to time to do odd jobs about their coal-yard and business; that along the entrance to the coal-yard there was on one side a shed, and on the other a loft, the passageway between being about eight or twelve feet wide; that the shed was used to store old pieces of boards, which were sometimes required to bin up coal in the yard; that on December 27, 1886, there was some coal coming in, which defendants wanted binned up, and some of these old boards were required; that accordingly defendant Oscar Thorn personally placed a plank across the passage-way from the loft to the shed, and directed plaintiff to go up on the loft, cross over the plank, and either hand down or take up some boards; that plaintiff proceeded to obey the order, (in the execution of which defendant Oscar Thorn required great haste,) started from the loft, and walked on the plank to about two feet from the shed end, when the plank gave way, and with him fell to the ground. All of plaintiff's witnesses testified that the plank fell. A witness for defendants, who was in the office at the time, said that his attention was attracted by the noise of a board falling, and he went out to see. One of plaintiff's witnesses testified that the plank also broke; that he afterwards picked it up in two pieces, one being about two feet long; that it was not a clean break, but "was in kind of strings, like yellow pine wood gets;" and that it was an old plank. At the close of plaintiff's case, and again when the evidence was all in, the court denied defendants' motion to dismiss the complaint. There was a verdict for plaintiff for $1,000, and from a judgment thereon defendants appeal.

*Robt. A. B. Dayton,* for appellants. *Herman H. Shook* and *George G. Tabell,* for respondent.

TRUAX, J. The action was brought to recover damages for injuries alleged to have been sustained by the plaintiff by reason of the negligence of the defendants. The only question in the case is the one presented by the defendants' exception to the refusal of the court to dismiss the complaint. I am of the opinion that there was some evidence in the case that would warrant the jury in finding that the defendants negligently furnished to the plaintiff an appliance for his use, and that he was injured, without fault on his part, while using such appliance. The judgment and order appealed from are affirmed, with costs.

SEDGWICK, C. J., concurs.